# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

NOEL ROMERO DOYE,            )
                             )
    Plaintiff,               )      CIVIL ACTION NO.: CV510-007
                             )
    v.                       )
                             )
Sergeant ADAMS; Officer WHITE; )
and Sergeant WATERS,         )
                             )
    Defendants.              )

## MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at the Coffee Correctional Facility in Nicholls, Georgia, filed an action filed pursuant to 42 U.S.C. § 1983. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F. 3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F. 3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F. 3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that he was picked out for random urinalysis testing by Defendant Adams, and when he could not produce a specimen, was given large amounts of water to drink. Plaintiff states that he submitted his sample and returned to his unit. Plaintiff claims that thirty minutes later his unit was instructed to go to the television room and remain there while a "shakedown search" was conducted in the inmates' living areas. Plaintiff maintains that he asked Defendant Adams if he could use the restroom and was instructed to wait. Plaintiff states he waited for over an hour and notified Defendant White and Defendant Adams that he needed to use the restroom and that he could no longer "hold it." Plaintiff states Defendants Adams and White did

not allow Plaintiff to use the restroom, and Plaintiff involuntarily urinated himself. Plaintiff states that Officer Smith told Plaintiff to come out of the TV room and submit to a strip search. Plaintiff states he removed his pants and was then ordered by Sergeant Waters to clean up his urine puddle in front of the entire dorm without being allowed to put on a pair of pants. Plaintiff states he asked Sergeant Waters if he could get a new set of clothes, and was denied. Plaintiff also asserts that Sergeant Waters ordered him to put on the pair of boots that had been soiled with Plaintiff's urine. Plaintiff states he has lost some control of his bladder since the incident and has nightmares.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard embodies the principle requiring prison officials to provide inmates with humane conditions of confinement. Farmer v. Brennan, 511 U.S. 825, 832 (1994). This duty to safeguard also embodies the principle expressed by the Supreme Court in Estelle v. Gamble, 429 U.S. 97, 104 (1976), forbidding prison officials from "acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner." Farmer, 511 U.S. at 836. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. The Supreme Court has "rejected a reading of the Eighth Amendment that would allow liability to be imposed on prison officials solely because of the presence of objectively inhumane prison conditions." Id. Plaintiff

has made no showing that Defendants knew of and disregarded an excessive risk to Plaintiff's health and safety. Even taken as entirely true, Plaintiff's allegations fail to rise to the level of deliberate indifference necessary to establish a violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief can be granted.

**SO REPORTED** and **RECOMMENDED**, this 21st day of May, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE